985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald DANIELS, Plaintiff-Appellant,
v.
MICHIGAN BELL TELEPHONE COMPANY, Defendant-Appellee.
 No. 92-1747.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald Daniels, pro se, appeals the district court's order granting the defendant's motion for summary judgment in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. The defendant, Michigan Bell Telephone Company (Bell), is the plaintiff's former employer.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Daniels began his employment with Michigan Bell in 1978 and continued there until he was terminated in 1988, with a short break in service during 1978 for reasons unrelated to this lawsuit. In his complaint, Daniels alleged that he was terminated on the basis of his race, and that certain disparate treatment by the company led up to the ultimate termination of his employment. The defendant filed a motion for summary judgment, which was granted by the court by order entered May 14, 1992.
 
 
 4
 On appeal, Daniels makes the following arguments: 1) the district court failed to consider that Daniels was told by his district manager that he was performing his job satisfactorily in December of 1987, thereby satisfying the third prong of the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), that he was qualified for the job; 2) Bell's decision to terminate him was based partially on a final written warning which was in the process of being resolved under the grievance procedure set forth in the collective bargaining agreement between Bell and the union and, therefore, this warning should not have been considered by the district court in determining whether Bell's actions were proper; 3) he was the "only employee on the job who was forced to work both shifts" and, therefore, he was under considerable stress, contributing to his poor attendance and punctuality; 4) he was put in an unequal situation because he was forced to work this "swing shift" schedule; 5) he did not falsify his time sheet, as found by the district court, because he believed his supervisor had granted him permission to alter his time sheet on February 14, 1988; and 6) contrary to the district court's findings, Daniels did file a previous complaint against Bell for alleged discriminatory acts. Daniels also requests leave to proceed without prepayment of filing fees, the appointment of counsel and a copy of transcripts at government expense. Daniels's motion for leave to proceed in forma pauperis is moot, because the district court has entered an order granting his request to proceed without being required to prepay fees.
 
 
 5
 It is well-established that, in Title VII cases, the plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence. McDonnell Douglas, 411 U.S. at 802. To establish a prima facie case, Daniels must show that: 1) he was a member of a protected class; 2) he was subject to an adverse employment action or was discharged; 3) he was qualified for that position; and 4) he was replaced by a person outside of the protected class. Id.
 
 
 6
 As correctly found by the district court, Daniels has not presented sufficient evidence to establish a prima facie case of discrimination by showing that Bell terminated him based on reasons other than inappropriate behavior and several violations of company policies. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas Corp., supra. Moreover, Daniels has failed to show that, for same or similar conduct, he was treated differently than similarly-situated non-minority employees. Mitchell v. Toledo Hospital, 964 F.2d 577, 582 (6th Cir.1992); Davis v. Monsanto Chemical Co., 858 F.2d 345 (6th Cir.1988), cert. denied, 490 U.S. 1110 (1989).
 
 
 7
 Accordingly, the requests for the appointment of counsel and a copy of transcripts at government expense are hereby denied, and the district court's order granting the defendant summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.